UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:16-cv-60240-BB

LORENE ROCQUEL THOMPSON,

    Plaintiff,

vs.

NORTH BROWARD NEUROLOGY, P.A.,
BRAD DAJANI,

    Defendants.
    _____/

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, NORTH BROWARD NEUROLOGY, P.A. and BRAD DAJANI, by and through undersigned counsel, hereby file their Answer and Affirmative Defenses, as follows:

Defendants deny each and every allegation of the Plaintiff's Complaint not expressly or otherwise admitted below.  Defendants also specifically reserve the right to assert any additional affirmative defenses in matters of avoidance that may be disclosed during the course of additional investigation and discovery.  Defendants' Answer to each of the specifically enumerated paragraphs of the Plaintiff's Complaint is as follows:

    1.    Defendants admit the allegations contained in Paragraph 1 of Plaintiff's Complaint for jurisdictional purposes only.

    2.    Defendants deny for want of knowledge Plaintiff's residency.  Defendants admit that Plaintiff was an employee of the corporate Defendant for a time period certain.  Defendants otherwise deny the allegations, inferences and legal conclusions contained

in Paragraph 2 of Plaintiff's Complaint and demand strict proof thereof.

3. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 3 of Plaintiff's Complaint and demand strict proof thereof.

4. Defendants do not contest coverage as it relates to the corporate Defendant. Otherwise, Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 4 of Plaintiff's Complaint and demand strict proof thereof.

5. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 5 of Plaintiff's Complaint and demand strict proof thereof.

6. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 6 of Plaintiff's Complaint and demand strict proof thereof.

7. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 7 of Plaintiff's Complaint and demand strict proof thereof.

8. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 8 of Plaintiff's Complaint and demand strict proof thereof.

9. Defendants admit that they have records concerning the date range of Plaintiff's employment, the number of actual compensable hours Plaintiff worked, and the compensation actually paid to Plaintiff. Otherwise, Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 9 of Plaintiff's Complaint, as same relates to Plaintiff's attached statement of claim, and demand strict proof thereof.

10. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 10 of Plaintiff's Complaint and demands strict proof thereof.

11. Defendants deny the allegations, inferences and legal conclusions contained

in Paragraph 11 of Plaintiff's Complaint and demands strict proof thereof.

12. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 12 of Plaintiff's Complaint and demands strict proof thereof.

13. With regard to Paragraph 13 of Plaintiff's Complaint, Defendants restate, reallege and incorporate herein each and every response to Plaintiff's Complaint contained in Paragraphs 1-12 above.

14. With regard to Paragraph 14 of Plaintiff's Complaint, Defendants admit that Plaintiff purports to allege a cause of action pursuant to the Fair Labor Standards Act for damages, but deny that Plaintiff has stated any such cause of action or that Plaintiff is entitled to any such relief. Defendants further deny the remaining allegations, inferences and legal conclusions contained in Paragraph 14 of Plaintiff's Complaint and demand strict proof thereof.

15. With regard to Paragraph 15 of Plaintiff's Complaint, Defendants admit that Plaintiff seeks recovery of damages under the FLSA, but deny that Plaintiff is entitled to any such relief. Defendants further deny the remaining allegations, inferences and legal conclusions contained in Paragraph 15 of Plaintiff's Complaint and demand strict proof thereof. Defendants specifically move to strike Plaintiff's claim for interest, to the extent same is for pre-judgment interest.

Defendants deny that Plaintiff is entitled to any of the damages or relief sought in the WHEREFORE clause of count I of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

16. As and for their First Affirmative Defense, Defendants state that no actions

were "willful", as said term is defined by the Fair Labor Standards Act, regulations, and interpretive case law.

17. As and for their Second Affirmative Defense, Defendants state that the Plaintiff's claim for liquidated damages is barred because Defendants at all times material hereto acted in good faith and had reasonable grounds for believing that Plaintiff was correctly paid for all hours worked and not in violation of the FLSA, as amended.

18. As and for their Third Affirmative Defense, Defendants state that all or part of the Plaintiff's claims are barred by the applicable statute of limitations.

19. As and for their Fourth Affirmative Defense, Defendants state that the Plaintiff's claims for attorneys' fees and costs are brought in bad faith.

20. As and for their Fifth Affirmative Defense, Defendants state that, to the extent Plaintiff obtains any recovery based on her FLSA claim, Plaintiff's claim for attorneys' fees and costs is barred based on the authority of *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162 (S.D. Fla. 2003).

21. As and for their Sixth Affirmative Defense, Defendants state that the Plaintiff's claims are barred because she has been properly paid for all hours worked.

22. As and for their Seventh Affirmative Defense, Defendants state that the Plaintiff's claims are barred by the "*de minimus*" doctrine.

23. As and for their Eighth Affirmative Defense, Defendants state that the Plaintiff's claims are barred to the extent any hours worked by the Plaintiff over forty in any particular workweek was without the knowledge, either actual or constructive, of the Defendants.

24. As and for their Ninth Affirmative Defense, and to the extent that Plaintiff attempts to bring this action on behalf of other similarly situated employees, Defendants state that there exist no similarly situated employees and/or no similarly situated employees who desire to opt-in to this action

25. As and for their Tenth Affirmative Defense, Defendants state that the Plaintiff's claims are subject to the estoppel provisions of the Portal-to-Portal Act, to the extent that Plaintiff purports to bring this action as a representative action.

26. As and for their Eleventh Affirmative Defense, Defendants state that Plaintiff has failed to state a claim upon which relief may be granted.

27. As and for their Twelfth Affirmative Defense Defendants state that the Plaintiff's claims against Brad Dajani in his individual capacity are barred because he is not an "employer" within the meaning of the Fair Labor Standards Act.

**Additional Affirmative Defenses**

Defendants reserve the right to assert additional affirmative defenses which may be learned or disclosed through the discovery process.

WHEREFORE, having fully answered the Plaintiff's Complaint, Defendants pray that this Honorable Court dismiss with prejudice Plaintiff's claims in full, tax costs against the Plaintiff and in favor of Defendants, and reserve jurisdiction to consider a timely filed motion for attorneys' fees on the authority of *Kreager v. Solomon & Flanagan*, P.A., 775 F.2d 1541 (11th Cir. 1985); and *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428 (11th Cir. 1998).

Dated:   February 25, 2016                    Respectfully submitted,

Boca Raton, FL

*s/ Daniel R. Levine*
DANIEL R. LEVINE, ESQ.
Florida Bar No. 0057861
E-mail: drlevine@bennardolevine.com
Bennardo Levine LLLP
1860 NW Boca Raton Blvd.
Boca Raton, FL  33432
Telephone:   (561) 392-8074
Facsimile:    (561) 368-6478
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Daniel R. Levine*
DANIEL R. LEVINE, ESQ.

## SERVICE LIST

*Lorene Rocquel Thompson v. North Broward Neurology, P.A. et al.*
Case No. 0:16-cv-60240-BB
United States District Court, Southern District of Florida

| Elliot Kozolchyk, Esquire<br>E-Mail: ekoz@kozlawfirm.com<br>Koz Law, P.A.<br>320 S.E. 9th Street<br>Fort Lauderdale, Florida 33316<br>Telephone:   (786) 924-9929<br>Facsimile:    (786) 358-6071<br>Counsel for Plaintiff<br>*Via CM/ECF* | Daniel R. Levine, Esquire<br>E-Mail: drlevine@bennardolevine.com<br>Bennardo Levine LLP<br>1860 NW Boca Raton Blvd.<br>Boca Raton, FL  33432<br>Telephone:   (561) 392-8074<br>Facsimile:    (561) 368-6478<br>Counsel for Defendants<br>*Via CM/ECF* |